Filed 1/14/14  P. v. Camarena CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057835 |
| v. | (Super.Ct.No. FSB1200656) |
| JOSHUA RAY CAMARENA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge.  Conditionally reversed with directions.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon and Barry Carlton, Deputy Attorneys General, for Plaintiff and Respondent.

Appeal from a judgment of the superior court. Conditionally reversed with directions.

## STATEMENT OF FACTS

Defendant and appellant Joshua Ray Camarena was charged with multiple felonies, including unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)), three counts of receiving stolen property (Pen. Code, § 496, subd. (a))[1] and street terrorism (§ 186.22, subd. (a)). The complaint also alleged that defendant had suffered two prior prison term convictions (§ 667.5, subd. (b)) and one serious strike conviction. (§§ 667, subds. (b)-(i), 667, subd. (a)(1).)

At the preliminary hearing, the trial court found probable cause as to all charges. Briefly summarized, the evidence showed that after being stopped by a deputy sheriff for investigation of a stolen vehicle, defendant sped off in an erratic manner through traffic.[2] After defendant jumped out of the vehicle and fled, the deputy found, inter alia, social security cards, credit cards, ten cell phones, and a global positioning system in the car. All, like the vehicle itself, were probably stolen.

---

[1] All subsequent statutory references are to the Penal Code.

[2] Defendant was accompanied by a female passenger, but there was no evidence that she was a gang member.

However, defendant's trial ended with a hung jury,[3] and defendant subsequently elected to enter a plea of guilty to the charge under section 186.22, subdivision (a), and admit the priors alleged under section 667.5, subdivision (b). The total term was to be five years, and this sentence was in fact imposed.

By the time of sentencing, however, the Supreme Court had decided *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1139 (*Rodriguez*) in which it held that "street terrorism," as charged in subdivision (a) of section 186.22, could *not* be committed by a defendant acting alone, but requires the involvement of other gang members whom the defendant may be said to assist or encourage. At the sentencing hearing, the following remarkable colloquy took place.

"MR. POWELL [defense counsel]: I should say that [] [defendant] has some concerns about a new matter, People/Rodriguez case that just came down. [¶] I told him that if it applies to him it will apply or it won't. Apparently there is some new gang finding that was made at some point. I don't know if the Court is familiar with it."

"THE COURT: There is a new gang case that we talked about in our trial, 402 motions, a week or so ago.[4] But I am sure you will advise him appropriately in case."

---

[3] One count, unlawful taking or driving of a vehicle, was dismissed due to the failure of a witness to appear.

[4] Because the trial ended in a mistrial, the transcript is not part of the record on appeal. Thus, the nature of the discussion is not known.

"MR. POWELL:  I will."

Counsel did prepare a naked notice of appeal, although the request for a certificate of probable cause (§ 1237.5) was separately filled out by defendant and filed several days later.  The certificate was requested on the basis that "I didn't commit street terrorism 186.22(a).  Therefore I would like an appeal and I would like to submit the Rodriguez act or the State of California vs. Rodriguez . . . ."  The trial court approved the request.[5]

## DISCUSSION

As suggested above, defendant argues that his plea to the "street terrorism" count was invalid because as a matter of law under *Rodriguez*, he did not commit the crime.  The People agree, and so do we.

It is true, of course, that an admission of actual guilt, or actual guilt itself, is not a prerequisite to a valid plea.  A defendant may reluctantly, but lawfully, enter a plea of guilty while maintaining innocence, when the goal is to obtain a favorable (or at least certain) consequence.  (See *North Carolina v. Alford* (1970) 400 U.S. 25, 37-38.)  The People posit that defendant could be held to his plea if it had been part of an intentional bargain to avoid more serious consequences, but admit that the record is wholly devoid of any indication that this was the case.  Instead, the plea hearing reflects that the court was

---

[5]  We cannot help but point out that if *anyone* (anyone, that is, other than defendant) had familiarized himself or herself with *Rodriguez* before the sentencing hearing, the deal could presumably have been restructured and this appeal avoided.

careful to take a factual basis for the plea (to which both counsel stipulated), and it appears clear that both the court and counsel assumed that the conviction was proper.[6]

As defendant argues, the comments by the trial court and counsel quoted above probably led him to acquiesce in the bargain despite his concerns under the belief that he could obtain post-sentence redress. In the circumstances, and on this straightforward record, we can only agree that the plea was not given "intelligently" as required for its validity.

## DISPOSITION

The case is conditionally reversed and the matter is remanded to the trial court in order that defendant, after being fully advised, is offered the opportunity to withdraw his plea. Should he elect to do so, the judgment must be set aside and the matter set for further proceedings. Should defendant, on reflection, elect to stand on the plea bargain, the condition shall fail and the judgment shall be deemed affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

---

[6] Although everyone should have been aware that the issue had been the subject of repeated and contradictory appellate attention, as a practical matter it could reasonably have been accepted that the conviction was proper. This court had strongly intimated that subdivision (a) of section 186.22 *could* be violated by a lone actor gang member. (*People v. Sanchez* (2009) 179 Cal.App.4th 1297, 1308.) Although not technically required to do so when decisions are in conflict, a superior court that disregards the pronouncements of its own Court of Appeal is obviously asking to be reversed. (See *McCallum v. McCallum* (1987) 190 Cal.App.3d 308, 315, fn. 4; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 497, p. 558.) Thus, the parties may well have been mindful of *Sanchez* in settling the case.

5

HOLLENHORST
J.

We concur:


RAMIREZ
P. J.


CODRINGTON
J.